UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAGENE C. MCGHEE,

                Plaintiff,

v.                                   Case No. 23-cv-24-pp

IRIS N. TORRES, *et al.*,

                Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 59) AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 59)**

      Plaintiff Lagene C. McGhee, who is incarcerated at Thomson Administrative U.S. Penitentiary Satellite Camp in Thomson, Illinois and is representing himself, filed this case under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on Eighth Amendment claims against defendants Iris Torres and Julie Capraro for allegedly failing to treat his extreme pain after he fell at the Manitowoc County Jail. Dkt. No. 5 at 11. The court also allowed the plaintiff to proceed on an Eighth Amendment claim against defendant Dilip Tannan for an alleged delay in treating his painful condition when he was confined at Oshkosh Correctional Institution. Id. at 12-13. The plaintiff has filed a second motion for appointment of counsel. Dkt. No. 59. He also moves for an extension of time to complete discovery and file a motion for summary judgment. Id.

1

In support of his motion to appoint counsel, the plaintiff states only that he requests to be appointed legal counsel. Id. He also encloses letters from three lawyers he contacted who declined to represented him. Dkt. No. 59-1.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To

2

demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

On September 20, 2024, the court denied the plaintiff's first motion to appoint counsel, concluding that he had not made a reasonable attempt to find

3

a lawyer on his own but that, even if he had, he had demonstrated that he could proceed on his own at the summary judgment stage. Dkt. No. 58 at 3-4.

> Even if the plaintiff had shown that he made a reasonable attempt to find a lawyer, the court would not grant his motion to appoint counsel because he has demonstrated that he can proceed on his own at the summary judgment stage. The plaintiff previously filed responses to defendants Torres and Capraro's motions for summary judgment. These responses, together with the plaintiff's complaint and the other filings he has made in this case, show that he has a very good understanding of his claims and the law applicable to his claims, as well as an ability to advocate for himself. The court is aware that the three defendants are represented by separate counsel and the plaintiff is no longer confined where the incident took place. But the court believes that the plaintiff can engage in discovery with the defendants and respond to any motions for summary judgment on the merits that they file. The plaintiff's claims are not complex. If the plaintiff finds that he needs more time to complete discovery or respond to a motion for summary judgment, he may file a motion requesting more time with the court. The court will deny without prejudice the plaintiff's motion to appoint counsel.

Id.

With his second motion to appoint counsel, the plaintiff has shown that he made a reasonable attempt to find a lawyer on his own. The court still believes, however, that the plaintiff is capable of proceeding on his own at the summary judgment stage; he has not stated any reason that he cannot do so. The court will deny without prejudice the plaintiff's motion to appoint counsel.

The plaintiff also moves for an extension of time to complete discovery and file a motion for summary judgment. Dkt. No. 59. The court will grant this request.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 59.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 59. The court **ORDERS** that the new deadline for the parties to complete discovery is **December 30, 2024**; the new deadline for the parties to file motions for summary judgment on the merits is **January 31, 2025**.

Dated in Milwaukee, Wisconsin this 14th day of November, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**